UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:05-CV-1951 (CEJ) |
| DAWES RIGGING & CRANE RENTAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Dawes Rigging & Crane Rental, Inc. (Dawes) to dismiss for improper venue or, in the alternative, to transfer venue. Plaintiff opposes the motion and the issues are fully briefed.

Plaintiff Zurich American Insurance Company (Zurich) filed this action against Dawes and Fru-Con Construction Corporation (Fru-Con), seeking a declaration of the parties' respective rights, duties, and obligations under a commercial general liability insurance policy plaintiff issued to defendant Fru-Con. Dawes has filed a counterclaim against Zurich and a crossclaim against Fru-Con, seeking recovery of its costs in defending a lawsuit filed by a Fru-Con employee who was injured in an incident involving equipment Fru-Con rented from Dawes.

**I. Background**

Zurich issued an insurance policy for commercial general liability to Fru-Con, effective from January 1, 2003 through January 1, 2004. On June 23, 2003, Fru-Con rented from Dawes a crane for use in a construction project in North Dakota. The

rental agreement required Fru-Con to maintain insurance on the crane. On June 30, 2003, Paul Young, a Fru-Con employee, was injured when one of the crane's tracks came apart and struck him. Mr. Young filed suit against Dawes and other parties.[1] Dawes sought "additional insured" status under Fru-Con's policy with Zurich and asked Zurich to provide it a defense and indemnification for any liability arising under the Young law suit. Zurich asserts that Dawes was not named as an additional insured under the policy and is not entitled to a defense or indemnification.

Relevant to the instant motion, the rental agreement executed by Dawes and Fru-Con contained the following provision:

> **CHOICE OF LAW AND VENUE: The validity, interpretation, and performance of this Agreement shall be governed by the laws of the State of North Dakota. Any action to enforce the terms of this Agreement shall be brought in the North Dakota Circuit Court.**

## II. Discussion

Dawes asks the Court to dismiss Zurich's complaint or, in the alternative, to transfer the case to the United States District Court for the District of North Dakota. Zurich asserts that it cannot be bound by a forum selection clause in an agreement to which it was not a party.

---

[1] Mr. Young filed suit in the United States District Court for the Eastern District of Texas. The action was transferred to the District of North Dakota, where it was styled Young v. All Erection & Crane Corp., et al., No. 4:04-CV-15. On January 13, 2006, a jury found that Dawes was not at fault for the injury to Mr. Young. Dawes continues to seek recovery of its attorneys fees and expenses.

-2-

A forum selection clause is enforceable unless it is invalid or if enforcement would be unreasonable and unjust. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001). In order to bind a nonparty to a forum selection clause, the nonparty must be closely related to the contractual dispute such that it becomes foreseeable that it will be bound. Hugel v. Corporation of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993) (quoting Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988)).

Plaintiff relies on Hugel to support its contention that the forum selection clause may be enforced against Zurich. In Hugel, plaintiff Dieter Hugel entered into an agreement with Lloyd's which contained a forum selection provision that designated England as the proper forum. Hugel and two corporations filed suit against Lloyd's in the Northern District of Illinois and Lloyd's invoked the forum selection clause. The two corporations argued that they were not parties to the agreement and thus were not bound by the forum selection clause. The Seventh Circuit noted that Hugel owned 99% of the stock of one corporation and 100% of the stock of the other, and Hugel involved his two corporations in the dispute with Lloyd's. Under such circumstances, the two corporations were bound by the forum selection agreement. Id. at 210. The facts of the present case are distinguishable: the parties are completely independent entities with no shared ownership and there is no other basis for finding that Fru-Con had the authority to bind Zurich to a particular forum.

Dawes also cites Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3rd Cir. 1983) (rev'd on other grounds), to support its position. Coastal Steel engaged Farmer Norton, a British corporation, to build a steel working plant in New Jersey. The parties' contract designated the location of the plant as the forum. Id. at 192. The contract obligated Farmer Norton to install a blast unit which it would have to acquire from a third party. Coastal recommended another British firm, Tilghman, with whom Farmer Norton contracted for the manufacture of the blast unit. The agreement between Farmer Norton and Tilghman required litigation in an English court. Id. at 193, 203. The district court refused to enforce against Coastal the forum selection clause designating England. The Third Circuit reversed, stating:

> Coastal chose to do business with Farmer Norton, an English firm, knowing that Farmer Norton would be acquiring components from other English manufacturers. Thus it was perfectly foreseeable that Coastal would be a third-party beneficiary of an English contract, and that such contract would provide for litigation in an English court.

Id. at 203 (emphasis added). The court noted that the law of contracts has "long-recognized that third-party beneficiary status does not permit the avoidance of contractual provisions otherwise enforceable." Id. In this case, however, Zurich is not a third-party beneficiary of the agreement between Dawes and Fru-Con.

Dawes has failed to demonstrate that Zurich was closely related to the dispute between Dawes and Fru-Con such that it was foreseeable that Zurich would be bound by a forum selection clause agreed to by Dawes and Fru-Con.

-4-

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Dawes Rigging & Crane Rental, Inc., to dismiss or, in the alternative, to transfer venue [#25] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2006.