THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Zurich American Insurance Company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil No: 4:05-CV-01951 CEJ ) |
| Dawes Rigging & Crane Rental, Inc., and Fru-Con Construction Corporation, | ) ) ) |
| Defendants. | ) ) ) |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Zurich American Insurance Company ("Plaintiff" or "Zurich"), Defendant Dawes Rigging & Crane Rental, Inc. ("Dawes Rigging") and Defendant Fru-Con Construction Corporation ("Fru-Con") (collectively, the "Parties") are parties to an action pending in this Court;

WHEREAS the Parties believe that discovery in the above-entitled action may involve the production of commercial, trade and other information which is considered to be sensitive, confidential, proprietary, and/or protected by privilege;

WHEREAS non-parties served with subpoenas in this action may contend that information and/or documentation sought involves the production of commercial, trade and other information which is considered to be sensitive, confidential, proprietary, and/or protected by privilege;

WHEREFORE, for the purposes of expediting discovery only, and for no other reason, the Parties have stipulated, and the Court HEREBY ORDERS that:

Any party, or non-party served by subpoena, may designate documents, deposition transcripts and testimony, interrogatory responses, responses to requests for admissions, exhibits, transcripts and other information (and/or copies thereof) produced, provided by, or provided on behalf of that party or non-party (or anyone acting on behalf of that person) and all information derived therefrom and/or contained therein as "Confidential Information" within the meaning of this Stipulation and Protective Order by affixing the phrase "Confidential – Subject to Protective Order" to such materials. "Confidential Information" shall be limited to commercial, trade and other information which is considered to be sensitive, confidential, proprietary, and/or protected by privilege, including, without limitation, research, development, testing, studying, engineering, trade secrets, financial, budgeting and/or accounting information, information about existing and potential customers, marketing studies, performance, and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships, as well as non-public information of a sensitive, personal and private nature.

A deposition and/or the transcript thereof shall be designated as Confidential Information by orally so declaring on the record during the taking of a deposition or by notifying all other parties to this action in writing of such designation within thirty (30) days after the receipt of the transcript of such deposition. If all or a portion of a deposition is so designated, the cover page of the deposition shall state, "Confidential Pursuant to Court Order."

3. Except as expressly allowed in this Order or as otherwise ordered by the Court in this action, all Confidential Information will be held by the attorney for the receiving party solely for use in connection with, and shall be used solely in connection with, this action. Confidential Information shall be read or reviewed only by counsel of record for the party to whom the Confidential Information is produced; and no such Confidential Information, or any information contained therein, may be disclosed, copied, divulged, or otherwise communicated to any person without further order of the Court, except as expressly provided in this Order.

4. <u>Counsel of Record & Employees of Counsel</u>. Disclosure may be made to other attorneys in the same law firm as counsel of record, in-house counsel for any party, any party, or employees of the foregoing for the purposes of preparation and trial of this lawsuit. Any such attorney, party or employee to whom counsel of record makes a disclosure shall be advised of, and be subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence and used only for the purposes of this litigation. Disclosure may also be made to counsel of record in *Paul Young v. The Manitowoc Company, Inc. et al*, pending in the United States District Court, District of North Dakota, Civil No. A4-04-015, upon written confirmation that such counsel has received a copy of this Order and that counsel and such counsel's client agree to comply with the terms of this Order.

5. <u>Expert Witnesses and Consultants</u>. Expert witnesses, consultants, and their employees retained for the prosecution or defense of this litigation shall, prior to having access to any Confidential Information, agree not to disclose such information or to use it for any purpose other than the prosecution and defense of this action, and shall

execute a Written Representation and Assurance of Confidentiality in the form annexed hereto. Counsel for each party shall be supplied with a copy of each Written Representation and Assurance of Confidentiality, when such person or entity is disclosed as a testifying witness, or at the final resolution of this action, whichever first occurs.

6. In the event that counsel for any party determines to lodge, file or otherwise submit to this Court (a) any Confidential Information or information derived therefrom, or (b) any papers containing or making reference to such information, such document shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

**\* FILED UNDER SEAL \***
**CONFIDENTIAL PURSUANT TO COURT ORDER**

This envelope contains documents that are subject to an Order of this Court governing discovery and the use of confidential discovery material. Pursuant to such Order, this envelope shall not be opened nor the contents thereof displayed or revealed except pursuant to the terms of the Order. Violation of such Order may be regarded as contempt of the Court.

7. The Clerk of the Court is directed to maintain under seal all documents, pleadings, or transcripts of deposition testimony filed with the Court in this litigation that a party has designated, in whole or in part, as confidential or as containing confidential information.

8. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not prejudice in any way the right of a party (a) to seek a judicial determination of whether particular discovery material should be produced or, if produced, whether it should be subject to the terms of this Stipulation and Protective Order; (b) to interpose an objection to a request for discovery on any ground; (c) to seek either from the Court, or through negotiations between counsel, protection

greater than that contained herein; or (d) to seek relief on notice from any provision of this Stipulation and Protective Order, either generally or as to any particular discovery material.

9. The provisions of this Stipulation and Protective Order shall remain in full force and effect after the termination of this action. All documents, deposition transcripts, and other material designated by any producing party as Confidential and all copies thereof shall be delivered to such counsel within thirty (30) days after entry of final judgment and exhaustion and/or expiration of all rights of appellate review, settlement, or other final termination of this action with a letter to the designating party that all such Confidential Information and copies thereof have been returned.

10. If Confidential Information is to be disclosed to a witness during the course of deposition, hearing or court proceeding, the disclosing party shall first advise all parties attending such deposition, hearing or proceeding and then advise the witness and the court reporter that the information has been so designated. The disclosing party shall provide a copy of this order to the court reporter and witness and shall further be advise both that it is the order of this Court that no person shall divulge said information to anyone other than such person's retained attorney for legal advice.

11. Nothing herein shall be deemed to constitute a waiver of any applicable privilege.

12. This Order does not purport to govern the handling of confidential discovery material introduced at trial or in other court proceedings related to this lawsuit. Protection of confidential discovery material in such proceedings is left to the further agreement of the parties and order of the Court.

13. The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of designated Confidential Information received by a party from another party or from a non-party served with a subpoena. A party is free to do whatever it desires with its own Confidential Information. Nothing herein shall prohibit a party, or its counsel, from disclosing a document which contains Confidential Information to the person who is an author, addressee or recipient of such document.

14. <u>Subpoenas in Other Matters</u>: In the event that any party, or any person who is given access to the confidential documents produced herein, is subpoenaed to produce any such documents or to reveal the information contained in those documents, the subpoenaed party shall immediately give notice of that request to the party who produced the confidential documents, stating who has requested the information. Any party or person subpoenaed to produce such documents or provide such information shall object to producing the requested documents or information and shall make a good-faith effort to provide the party who produced the documents an opportunity to be heard before this Court and any other Court wherein the information is sought.

15. This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action.

**SO ORDERED this 16th day of October, 2006.**

_____
**United States District Judge**

STATE OF _____    )
                               )
COUNTY OF _____      )

## WRITTEN ASSURANCE OF CONFIDENTIALITY (Individual)

       I, _____, state that I am more than 18 years old and competent to make this affidavit. I acknowledge that I am about to receive Confidential Information and expressly certify that: I understand and agree that such Confidential Information is being provided to me pursuant to the terms and on the conditions of the Protective Order dated _____, in *Zurich American Insurance Company v. Dawes Rigging & Crane Rental, Inc. and Fru-Con Construction Company,* United States District Court, Eastern District of Missouri, Eastern Division, Civil No. 4:05-CV-01951 CEJ; I have been given a copy of and have read the Stipulation and Protective Order and agree to be bound by it; I agree that I will not disclose any Confidential Information, as defined in the Stipulation and Protective Order, to any persons or in any manner not specifically authorized by the Stipulation and Protective Order; I further declare that I will not use the Confidential Information for any business or commercial purpose; I agree that I will not copy or use any Confidential Information except solely for the purpose of the case referenced above; and I agree that I will return all Confidential Information no later than thirty (30) days after the final termination of this action to the counsel for the party who provided such Confidential Information to me. I declare under penalty of perjury that the foregoing is true and correct.

                                                  _____
                                                  Signature

                                                _____
                                                Name (typed or printed)

                                                _____
                                                Address

                                                _____
                                                Phone (W) and (H)

       Subscribed and sworn before me on this ____ day of _____, 2006.

_____

                                                            Notary Public
My Commission Expires:

_____

STATE OF _____ )
                                                              )
COUNTY OF _____ )

## **WRITTEN ASSURANCE OF CONFIDENTIALITY**
(Corporation and Individual)

      I, _____, state that I am more than 18 years old and competent to make this declaration. I, on behalf of myself and _____, a _____(nature of entity) registered with the _____ (name of state) Secretary of State (the "Company"), acknowledge that I am about to receive Confidential Information on behalf of myself and the Company and expressly certify that: I understand and agree that such Confidential Information is being provided to me and the Company pursuant to the terms and on the conditions of the Protective Order dated _____, in *Zurich American Insurance Company v. Dawes Rigging & Crane Rental, Inc. and Fru-Con Construction Company,* United States District Court, Eastern District of Missouri, Eastern Division, Civil No. 4:05-CV-01951 CEJ; I have been given a copy of and have read that Stipulation and Protective Order and agree that I and the Company are and shall be bound by it; I declare that neither I nor other Company will use the Confidential Information for any business or commercial purpose; I agree that neither I nor the Company will disclose any Confidential Information, as defined in the Stipulation and Protective Order, to any persons or in any manner not specifically authorized by the Stipulation and Protective Order; I agree that neither I nor the Company shall copy or use any Confidential Information except solely for the purpose of the case referenced above; and I agree that I and the Company will return all Confidential Information no later than thirty (30) days after the final termination of this action to the counsel for the party who provided such Confidential Information to me and the Company. I declare under penalty of perjury that the foregoing is true and correct.

                                                                      _____
                                                                      ("THE COMPANY")
                                                                      Address:_____

                                                                      Ph:      _____

                                                                      By:_____
                                                                      Title: _____

_____      Signature                             _____

_____
                                                                      [name typed or printed]
                                                                      In my individual capacity.

      Subscribed and sworn before me on this ____ day of _____, 2006.

                                                                _____
                                                                             Notary Public

My Commission Expires:

_____